IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **2:06-mj-129-DRB** |
| | ) | |
| BERNETTA WILLIS | ) | |

**ORDER OF DETENTION ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held on this 22nd day of November, 2006, pursuant to the *Government's Motion for Detention Hearing* (Doc. 3, Nov. 20, 2006). After due consideration of the testimonial evidence, the court concludes that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

There is a serious risk of obstruction of justice and other danger to the community, or flight risk if the Defendant, Bernetta Willis ("Willis") is released prior to trial.

**Part II - Written Statement of Reasons for Detention**

On January 31, 2006, the court detained Willis on a criminal complaint charging her with a wide-ranging fraudulent scheme to secure from FEMA monetary benefits wrongly as a purported victim of Hurricane Katrina. Her pretrial release supervision commenced on February 6, 2006, in case no. 2:06-cr-071, and for good cause shown at a hearing consolidated with this detention hearing, she has been revoked from supervision. Indicted initially on March 1, 2006 in case no. 2:06-cr-071, Willis was arrested on a Superseding Indictment filed October 11, 2006, against her and co-defendants who included Litasha Washington. At the October 18, 2006, arraignment for Willis, the court identified all co-defendants and specified Washington's status as a fugitive.

After hearing all relevant testimony and argument of counsel at the Preliminary Hearing consolidated with this detention hearing, the court has found probable cause to believe that Washington has committed three federal crimes described in this criminal complaint (06-mj-129), all resulting from officer's discovery of Litasha Washington ("Washington") inside Willis' home, on November 17, 2006, notwithstanding repeated denials by Willis on and prior to November 17, 2006 – to her probation officer Bernard Ross and to former FEMA agent Edward Kleppinger and to U.S. Marshal J.C. Hamilton – that Washington was not inside her home and did not reside with her.

Testimony from Probation Officer Bernard Ross established his specific advice to Willis on October 26, 2006, that she should avoid contact with Washington, and report her whereabouts; testimony from Homeland Security Special Agent Edward Kleppinger confirms that in a visit to the Willis residence on November 2, 2006 – in response to tips that Washington resided there – he also emphasized to Willis the same warning. On November 17, 2006, U.S. Marshal J.C. Hamilton located Washington inside the Willis residence following (a) his receipt of a confidential informer's report just two days earlier that the two had been seen in each other's company and that Washington and Willis cohabited together in an intimate relationship; and (b) his surveillance of the residence for the automobile identified as one driven regularly by Washington; and ( c ) his report from a male outside the Willis residence that Washington was then inside the residence.

Unrefuted evidence discloses that following her arrest on November 15, 2006, Washington reported to Sandra Wood, the probation officer investigating her potential for pretrial release, that she resided with Willis at the undisputed address of record for Willis, 3717 Princeton Road, in Montgomery. Officer Wood contacted Willis, who confirmed not only her willingness to have Washington at her residence but also the fact that Willis had been living with her all the time.

The court concurs with probation officer Ross that the nature of the actions by Willis in harboring Washington and lying to federal officers about her actions makes her unlikely to comply with conditions of release, which have already included electronic monitoring and curfews in case no. 2:06-cr-00071. After due consideration of his testimony and recommendation for revocation, and based on the factors set forth in 18 U.S.C. § 3142(g), the court finds that there is no condition or combination of conditions of release that will assure that Willis will not flee or pose a danger to the safety of any other person or the community. Accordingly, it is **ORDERED that the *Government's Motion for Detention Hearing* (Doc. 3) is now GRANTED to the extent of its request for detention.**

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE THIS 22nd day of November, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE